IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALMA LASERS, LTD., and ALMA LASERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THERMAGE, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 07-224 - *** <br> ) <br> ) <br> ) <br> ) |

## SCHEDULING ORDER

This **16** day of August, 2007, the Court having conducted an Initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on August 7, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.** The Parties have agreed to make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by **August 13, 2007**. The Parties have reviewed the Court's Default Standard for Discovery of Electronic Documents, which is incorporated herein by reference. The parties are discussing certain modifications and/or alternatives to the Court's Default Standard.

2. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **February 11, 2008**.

3. **Discovery.**

   a. **Limitation on Hours for Deposition Discovery.** Each side is limited to a total of 100 hours of taking testimony by deposition upon oral examination. This limitation does not apply to depositions of expert witnesses. Alma will be allowed to depose inventor Knowlton for up to 21 hours (or more upon a showing of good cause).

   b. **Locations of Depositions.** Any party or representative (officer, director or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district, or to a place mutually agreed upon by counsel to the parties. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

   c. **Fact Discovery Cut-Off.** All fact discovery in this case shall be initiated so that it will be completed on or before **July 6, 2008**. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   (1) **Document Production.** With the exception of documents relating to issues concerning alleged damages, document production shall begin as soon as practicable and shall continue on a rolling basis. Production of documents relating to issues concerning alleged damages shall begin as soon as practicable after **January 7, 2008**.

Case 1:07-cv-00224-***   Document 22-2   Filed 08/13/2007   Page 3 of 10

(2) **Interrogatories**. Each side may serve up to 50 interrogatories.

(3) **Requests for Admission**. Each side may serve up to 50 requests for admission, not including requests directed to the authentication of documents and the proper translation of foreign documents. A question following up on a response to a request for admission counts as an interrogatory.

(4) **Service.** The Parties agree that service of discovery, motions, or other materials during this case shall be made on lead counsel of record (with copies to all counsel of record) by hand-delivery, facsimile, or e-mail. If service was made by facsimile or e-mail on a particular counsel, a confirmation hard copy shall be sent overnight mail to that counsel. Exhibits to such materials are not required to be served with an e-mail or facsimile provided that the exhibits are served with the confirmation hard copy by overnight delivery. However, if a party chooses to serve such exhibits with the corresponding materials by e-mail or facsimile, confirmation hard copies may be served by First Class mail instead of overnight mail. Service by facsimile or e-mail shall be considered served on the date faxed or e-mailed provided that any necessary confirmation hard copies were sent by overnight mail in accordance with this paragraph. Nothing in this paragraph shall preclude any party from otherwise serving materials not filed with the Court by any other acceptable service methods under the Federal Rules.

d. **Disclosure of Expert Testimony**. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **August 6, 2008**. The supplemental disclosure to

contradict or rebut evidence on the same matter identified by another party is due on or before **September 8, 2008**. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. All expert discovery in this case shall be completed on or before **October 17, 2008**.

   e. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

   f. **Discovery Disputes**.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. **Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).** Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.

Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

  g. **Fact Witnesses to be Called at Trial**. On **September 15, 2008**, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. On **October 15, 2008**, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

  h. **Disclosure of Opinions of Counsel**. On or before **May 2, 2008**, Alma must produce to Thermage any opinion of counsel that Alma intends to rely upon to rebut Thermage's allegation of willful infringement.

  i. **Limited Early Discovery Related to Harmony Product**. [Alma: Initial discovery related to Alma's Harmony product shall be limited to user and installation manuals, operator manuals, and similar types of materials. (See Hr'g Tr. 8:20-24)]. [Thermage: Initial discovery related to Alma's Harmony product shall be limited to materials that provide guidance to users on how to deploy and use the Harmony product. Examples of such material are user manuals, installation manuals, operating manuals, instructions for use (IFU), procedure guidelines, quick start guidance, technical bulletins, and similar labeling. These

5

**materials may be provided to users in written form, as part of webinars, DVD, videotape, and similar types of materials.]**

4. **Application to the Court for Protective Order.** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of paragraph 3f above.

Any proposed order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties shoulsd list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether the information should be disclosed.

5. **Papers Filed Under Seal.** When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. **ADR Process.** Counsel will continue to discuss the possibility of an ADR process.

7. **Interim Status Report.** On **January 31, 2008,** counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

Case 1:07-cv-00224-***    Document 22-2    Filed 08/13/2007    Page 7 of 10

8.  **Status Conference**. On **February 7, 2008**, at 10:30 a.m. EST, the Court will hold a Rule 16(a), (b), and (c) conference by telephone with counsel. Plaintiff's counsel shall initiate the phone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel, and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9.  **Tutorial Describing the Technology and Matters in Issue**.

    a.  The parties shall provide the Court by **November 5, 2008**, a tutorial on the technology at issue. In that regard, each party may submit a videotape/CD of not more than 30 minutes. The parties may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claim construction contentions. If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes/CDs. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

    * b.  The tentative date and time for the parties to present tutorials to the Court in person is **November 21, 2008**, at 9:30 a.m. EST.

10. **Case Dispositive Motions**. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **October 8, 2008**. Briefing will be presented pursuant to the Court's Local Rules.

11. **Claim Construction Issue Identification**.

a. Narrowing of Asserted Claims.

(1) Thermage will identify no more than 167 claims that it may potentially assert by **December 31, 2007**.

(2) Thermage will narrow its list of asserted claims to no more than 83 claims by **March 3, 2008**.

(3) Thermage will further narrow its list of asserted claims to no more than 20-25 claims in total by **July 1, 2008**.

Thermage need not file anything with the Court at each narrowing milestone.

b. Issue Identification. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **August 4, 2008**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **September 8, 2008**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall

be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. **Claim Construction**. The parties shall contemporaneously submit initial briefs on claim construction issues on **October 6, 2008**. The parties' answering/responsive briefs shall be contemporaneously submitted on **November 5, 2008**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

* 13. **Hearing on Claim Construction**. On approximately **December 3, 2008**, the Court will hear evidence and argument on claim construction and summary judgment.

14. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

* 15. **Pretrial Conference**. On approximately **March 4, 2009**, the Court will hold a Final Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **February 18, 2009**.

**All paragraphs marked with an * are tentative dates in light of the vacant judgeship.**

9

&ast;   16.   **Motions *in Limine*.** Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

&ast;   15.   **Jury Instructions, Voir Dire, and Special Verdict Forms.** Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

&ast;   16.   **Trial.** This matter is scheduled for a 9-day jury trial beginning at 9:00 a.m. on approximately **March 17, 2009**. For the purpose of completing pretrial preparations, counsel should tentatively plan on each side being allocated a total of 24 hours to present their case.

UNITED STATES MAGISTRATE JUDGE

183144.1

CH1 3958650v.1

10