IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ALMA LASERS, LTD., and<br>ALMA LASERS, INC.,<br><br>   Plaintiffs,<br><br>v.<br><br>THERMAGE, INC.,<br><br>   Defendant. | C.A. No.:  07-224-***-MPT |

## STIPULATION AND PROPOSED ORDER TO PERMIT FILING OF AMENDED ANSWER AND COUNTERCLAIMS

   WHEREAS, Alma Lasers, Ltd. and Alma Lasers, Inc. (collectively, "plaintiffs" or "Alma Lasers") brought this suit against Thermage, Inc. ("defendant" or Thermage") on April 26, 2007 (*see* D.I. 1), seeking a declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 6,749,624; 6,405,090; 6,387,380; 6,381,498; 6,377,855; 6,241,753; 5,919,219; 5,755,753; and 5,660,836; and

   WHEREAS, Thermage responded to the Complaint on June 20, 2007 and asserted counterclaims for infringement of U.S. Patent Nos. 6,749,624; 6,405,090; 6,387,380; 6,381,498; 6,377,855; 6,241,753; 5,755,753; 5,660,836; 7,229,436; and 7,189,230 (*see* D.I. 8); and

   WHEREAS, Alma Lasers responded to Thermage's counterclaims on July 10, 2007 (*see* D.I. 11); and

   WHEREAS, U.S. Patent No. 7,267,675 has been recently issued to Thermage; and;

   WHEREAS, Thermage wishes to assert additional claims of infringement against Alma Lasers based upon the recently-issued U.S. Patent No. 7,267,675; and

WHEREAS, the Scheduling Order in this action (D.I. 24) sets forth a deadline of February 11, 2008 for motions to join other parties or to amend or supplement the pleadings;

IT IS HEREBY STIPULATED by the parties to this action, subject to the approval of the Court, that Thermage may file and serve an Amended Answer and Counterclaims in the form attached hereto as Exhibit 1, together with the blacklined version attached as Exhibit 2.

DATED:  December 7, 2007

ASHBY & GEDDES

/s/ John G. Day

_____
Steven J. Balick (#2114)
John G. Day (#2403)
Lauren E. Maguire (#4261)
500 Delaware Avenue, 8th Floor
P.O. Box. 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com

*Attorneys for Plaintiffs*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen L. Pascale

_____
Josy W. Ingersoll (#1088)
Karen L. Pascale (#2903)
Karen E. Keller (I.D. #4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kpascale@ycst.com

*Attorneys for Defendant*


SO ORDERED this _____ day of _____, 2007.


_____
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on December 7, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
> John G. Day, Esquire [jday@ashby-geddes.com]
> Lauren E. Maguire [lmaguire@ashby-geddes.com]
> ASHBY & GEDDES
> 500 Delaware Avenue
> P.O. Box 1150
> Wilmington, DE 19899

I further certify that on December 7, 2007, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record, and on the following non-registered participants in the manner indicated:

> ### *By E-Mail*
>
> Hugh A. Abrams, Esquire [habrams@sidley.com]
> Marlee A. Jansen, Esquire [mjansen@sidley.com]
> Dino Koutsoubas, Esquire [dkoutsoubas@sidley.com]
> SIDLEY AUSTIN LLP
> One South Dearborn Street
> Chicago, IL  60603

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ Karen L. Pascale
> _____
> Karen L. Pascale (No. 2903) [kpascale@ycst.com]
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600
>
> *Attorneys for Defendant, Thermage, Inc.*

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALMA LASERS, LTD., and
ALMA LASERS, INC.,

     Plaintiffs,

    v.

THERMAGE, INC.

     Defendant.

C.A. No. 07-224-***-MPT

**JURY TRIAL DEMANDED**

### THERMAGE, INC.'S AMENDED ANSWER AND COUNTERCLAIMS

Defendant Thermage, Inc. ("Thermage") answers plaintiffs Alma Lasers, Ltd. and Alma Lasers, Inc.'s (collectively "Alma") complaint for declaratory judgment as follows:

1.   Thermage is without sufficient knowledge or information to form a belief as to truth of the allegations of paragraph 1 and, therefore, denies same.

2.   Thermage is without sufficient knowledge or information to form a belief as to truth of the allegations of paragraph 2 and, therefore, denies same.

3.   Admitted.

4.   Thermage admits that the complaint purports to state a claim for declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 6,749,624; 6,405,090; 6,387,380; 6,381,498; 6,377,855; 6,241,753; 5,919,219; 5,755,753; and 5,660,836; and that copies of those patents were attached to the complaint. Thermage denies that Alma's claims have any merit.

5.   Admitted.

6.   Admitted.

7.     Thermage admits that it sent a letter to Alma on February 14, 2007, regarding pre-market release clinical data for Alma's "Accent" product.  Thermage further admits that the letter stated that the Accent may infringe U.S. Patent No. 6, 749,624.  Thermage denies the remaining allegations of paragraph 7.

8.     The April 10, 2006, letter to Alma did not reference or assert specific patents.  Rather, the April 10, 2006, letter forwarded an executed Confidentiality Agreement that provided that settlement discussions, which occurred from March 21, 2006, would be subject to Rule 408 of the Federal Rules of Evidence, would be kept in confidence and, would not be used by either party for any purpose in any legal proceeding.  The May 18, 2006, letter was covered by and specifically referenced this Agreement.  Alma's reference to the April 10, 2006, and the May 18, 2006, letters in this action breaches this Agreement.

9.     Thermage is without sufficient knowledge or information to form a belief as to truth of the allegations of paragraph 9 and, therefore, denies same.

10.     Thermage is without sufficient knowledge or information to form a belief as to truth of the allegations of paragraph 10 and, therefore, denies same.

11.     Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

12.     Admitted.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

17.     Admitted.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

22.     Admitted.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

27.     Admitted.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

32.     Admitted.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

37.     Admitted.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

42.     Admitted.

43.     Upon information and belief, admitted.

44.     Denied.

45.     Denied.

46.     Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

47.     Admitted.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

52.     Admitted.

53.     Denied.

54.     Denied.

55.     Denied.

## PRAYER FOR RELIEF

WHEREFORE, defendant Thermage prays that the Court:

A.      enter judgment in favor of Thermage and dismisses Alma's Complaint for

Declaratory Judgment;

B.      award Thermage its attorney fees and costs for having to defend Alma's

Complaint for Declaratory Judgment; and

C.      award any other relief that it deems just and proper.

## DEFENDANT THERMAGE, INC,'S AMENDED COUNTERCLAIMS AGAINST PLAINTIFFS ALMA LASERS, LTD. AND ALMA LASERS, INC.

Thermage counterclaims against Alma Lasers, Ltd. and Alma Lasers, Inc. as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement and arises under the patent laws of the

United States, Title 35.

## THE PARTIES

2.      Thermage is a corporation organized and existing under the laws of the State of

Delaware, having its principal place of business in Hayward, California.

3.      On information and belief, Alma Lasers, Ltd. is a corporation organized and

existing under the laws of the country of Israel and having its principal place of business at 14

Halamish, Caesarea Industrial Park, Caesarea, Israel 38900.

4.      On information and belief, Alma Lasers, Inc. is a corporation organized and

existing under the laws of the State of Delaware and having its principal place of business at 485

Half Day Road, Suite 100, Buffalo Grove, Illinois.

**JURISDICTION AND VENUE**

5.      The Court has subject matter jurisdiction over these patent infringement

counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The Court has personal jurisdiction

over Alma Lasers, Ltd. and Alma Lasers, Inc. (collectively "Alma") by virtue of Alma's filing its

complaint with this Court and by virtue of Alma's substantial and continuous contacts with this

judicial district, including its advertising and sale and/or distribution in this judicial district of the

infringing products which are the subject of these patent infringement counterclaims.

6.      Venue in this Court is based upon 28 U.S.C. §§ 1391 and 1400(b).

**CAUSES OF ACTION FOR PATENT INGRINGEMENT**

7.      Thermage is the owner of United States Patent No. 6,749,624 ("the '624 patent"),

which was duly and legally issued on June 15, 2004, and is entitled "Fluid Delivery Apparatus."

A copy of the '624 patent is attached as Exhibit A.

8.      Thermage is the owner of United States Patent No. 6,405,090 ("the '090 patent"),

which was duly and legally issued on June 11, 2002, and is entitled "Method and Apparatus for

Tightening Skin by Controlled Contraction of Collagen Tissue."  A copy of the '090 patent is

attached as Exhibit B.

9.      Thermage is the owner of United States Patent No. 6,387,380 ("the '380 patent"),

which was duly and legally issued on May 14, 2002, and is entitled "Apparatus for Controlled

Contraction of Collagen Tissue."  A copy of the '380 patent is attached as Exhibit C.

10.      Thermage is the owner of United States Patent No. 6,381,498 ("the '498 patent"),

which was duly and legally issued on April 30, 2002, and is entitled "Method and Apparatus for

Controlled Contraction of Collagen Tissue."  A copy of the '498 patent is attached as Exhibit D.

11. Thermage is the owner of United States Patent No. 6,377,855 ("the '855 patent"), which was duly and legally issued on April 23, 2002, and is entitled "Method and Apparatus for Controlled Contraction of Collagen Tissue." A copy of the '855 patent is attached as Exhibit E.

12. Thermage is the owner of United States Patent No. 6,241,753 ("the '1753 patent"), which was duly and legally issued on June 5, 2001, and is entitled "Method for Scar Collagen Formation and Contraction." A copy of the '1753 patent is attached as Exhibit F.

13. Thermage is the owner of United States Patent No. 5,755,753 ("the '5753 patent"), which was duly and legally issued on May 26, 1998, and is entitled "Method for Controlled Contraction of Collagen Tissue." A copy of the '5753 patent is attached as Exhibit G.

14. Thermage is the owner of United States Patent No. 5,660,836 ("the '836 patent"), which was duly and legally issued on August 26, 1997, and is entitled "Method and Apparatus for Controlled Contraction of Collagen Tissue." A copy of the '836 patent is attached as Exhibit H.

15. Thermage is the owner of United States Patent No. 7,229,436 ("the '436 patent"), which was duly and legally issued on June 12, 2007, and is entitled "Method and Kit for Treatment of Tissue." A copy of the '436 patent is attached as Exhibit I.

16. Thermage is the owner of United States Patent No. 7,189,230 ("the '230 patent"), which was duly and legally issued on March 13, 2007, and is entitled "Method for Treated Skin and Underlying Tissue." A copy of the '230 patent is attached as Exhibit J.

17. Thermage is the owner of United States Patent No. 7,267,675 ("the '675 patent"), which was duly and legally issued on September 11, 2007, and is entitled "RF Device with Thermo-Electric Cooler." A copy of the '675 patent is attached as Exhibit K.

18.    Upon information and belief, Alma has manufactured and/or had manufactured for it, sold, offered for sale, used, and/or imported skin and tissue treatment product marketed under the name Harmony.  Upon information and belief, Alma provides a user's manual with each Harmony product instructing the customer how to perform various procedures on patients.

19.    Upon information and belief, Alma has manufactured and/or had manufactured for it, sold, offered for sale, used, and/or imported skin and tissue treatment product marketed under the name Accent XL.  Upon information and belief, Alma provides a user's manual with each Accent XL product instructing the customer how to perform various procedures on patients.

## COUNT I
## INFRINGEMENT OF THE '624 PATENT

20.    Thermage incorporates by reference paragraphs 1-19 as if set forth fully herein.

21.    The Harmony product infringes the '624 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

22.    Alma's manufacture, sale, offer for sale, use, and/or importation of the Harmony product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Harmony product.

23.    The Accent XL product infringes the '624 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

24.    Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

25.     Upon information and belief, Alma's infringing acts have been and continue to be willful.

## COUNT II
## INFRINGEMENT OF THE '090 PATENT

26.     Thermage incorporates by reference paragraphs 1-19  as if set forth fully herein.

27.     The Harmony product infringes the '090 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

28.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Harmony product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Harmony product.

29.     The Accent XL product infringes the '090 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

30.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

31.     Upon information and belief, Alma's infringing acts have been and continue to be willful.

## COUNT III
## INFRINGEMENT OF THE '380 PATENT

32.     Thermage incorporates by reference paragraphs 1-19  as if set forth fully herein.

33.    The Accent XL product infringes the '380 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

34.    Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

35.    Upon information and belief, Alma's infringing acts have been and continue to be willful.

## COUNT IV
## INFRINGEMENT OF THE '498 PATENT

36.    Thermage incorporates by reference paragraphs 1-19  as if set forth fully herein.

37.    The Harmony product infringes the '498 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

38.    Alma's manufacture, sale, offer for sale, use, and/or importation of the Harmony product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Harmony product.

39.    The Accent XL product infringes the '498 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

40.    Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

41.     Upon information and belief, Alma's infringing acts have been and continue to be willful.

## COUNT V
## INFRINGEMENT OF THE '855 PATENT

42.     Thermage incorporates by reference paragraphs 1-19  as if set forth fully herein.

43.     The Harmony product infringes the '855 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

44.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Harmony product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Harmony product.

45.     The Accent XL product infringes the '855 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

46.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

47.     Upon information and belief, Alma's infringing acts have been and continue to be willful.

## COUNT VI
## INFRINGEMENT OF THE '1753 PATENT

48.     Thermage incorporates by reference paragraphs 1-19  as if set forth fully herein.

49.     The Harmony product infringes the '1753 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

50.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Harmony product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Harmony product.

51.     The Accent XL product infringes the '1753 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

52.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

53.     Upon information and belief, Alma's infringing acts have been and continue to be willful.

## COUNT VII
## INFRINGEMENT OF THE '5753 PATENT

54.     Thermage incorporates by reference paragraphs 1-19  as if set forth fully herein.

55.     The Harmony product infringes the '5753 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

56.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Harmony product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Harmony product.

57.     The Accent XL product infringes the '5753 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

58.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

59.     Upon information and belief, Alma's infringing acts have been and continue to be willful.

## COUNT VIII
## INFRINGEMENT OF THE '836 PATENT

60.     Thermage incorporates by reference paragraphs 1-19  as if set forth fully herein.

61.     The Accent XL product infringes the '836 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

62.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

63.     Upon information and belief, Alma's infringing acts have been and continue to be willful.

## COUNT IX
## INFRINGEMENT OF THE '436 PATENT

64.     Thermage incorporates by reference paragraphs 1-19  as if set forth fully herein.

65.    The Accent XL product infringes the '436 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

66.    Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

67.    Upon information and belief, Alma's infringing acts have been and continue to be willful.

## COUNT X
## INFRINGEMENT OF THE '230 PATENT

68.    Thermage incorporates by reference paragraphs 1-19  as if set forth fully herein.

69.    The Accent XL product infringes the '230 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

70.    Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

71.    Upon information and belief, Alma's infringing acts have been and continue to be willful.

## COUNT XI
## INFRINGEMENT OF THE '675 PATENT

72.    Thermage incorporates by reference paragraphs 1-19  as if set forth fully herein.

73.    The Accent XL product infringes claims 1 and 2 of the '675 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

74.    Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

75.    Upon information and belief, Alma's infringing acts have been and continue to be willful.

PRAYER FOR RELIEF

WHEREFORE, defendant Thermage prays for relief against plaintiff Alma as follows:

A.    That judgment be entered that Alma has been and is infringing U.S. Patent Nos. 6,749,624; 6,405,090; 6,387,380; 6,381,498; 6,377,855; 6,241,753; 5,755,753; 5,660,836; 7,229,436; 7,189,230; and 7,267,675 and that the infringement be found willful;

B.    That Alma, its agents, sales representatives, servants and employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with it, be enjoined and restrained preliminarily during the pendency of this action, and thereafter permanently, from further acts of infringement of U.S. Patent Nos. 6,749,624; 6,405,090; 6,387,380; 6,381,498; 6,377,855; 6,241,753; 5,755,753; 5,660,836; 7,229,436; 7,189,230; and 7,267,675;

C.    That a judgment be entered that Alma be required to pay over to Thermage all damages sustained by Thermage due to such patent infringement and that such damages be trebled pursuant to 35 U.S.C. § 284 for the willful acts of infringement complained of herein;

D.    That this case be adjudged and decreed exceptional under 35 U.S.C. § 285 entitling Thermage to an award of its reasonable attorney fees and that such reasonable attorney fees be awarded;

E.    That Thermage be awarded its costs and prejudgment interest on all damages;

F.    That Alma be required to file with the Court within thirty (30) days after entry of the final judgment of this case a written statement under oath setting forth in detail the manner in which they have complied with the judgment; and

G.    That Thermage be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Thermage demands a trial by jury.

YOUNG CONAWAY STARGATT & TAYLOR LLP

December ____, 2007

_____
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (# 2903) [kpascale@ycst.com]
Adam W. Poff (No. 3990) [apoff@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:  302-571-6600

- and -

**WOOD, HERRON & EVANS LLP**
J. Robert Chambers
P. Andrew Blatt
John P. Davis
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202-2917
Telephone: (513) 241-2324
Facsimile: (513) 241-6234

*Attorneys for Defendant, Thermage, Inc.*

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALMA LASERS, LTD., and
ALMA LASERS, INC.,

          Plaintiffs,

      v.

THERMAGE, INC.

          Defendant.

C.A. No. 07-224-***-MPT

**JURY TRIAL DEMANDED**

**THERMAGE, INC'S.'S AMENDED ANSWER AND COUNTERCLAIMS**

Defendant Thermage, Inc. ("Thermage") answers plaintiffs Alma Lasers, Ltd. and Alma

Lasers, Inc.'s (collectively "Alma") complaint for declaratory judgment as follows:

1.      Thermage is without sufficient knowledge or information to form a belief as to

truth of the allegations of paragraph 1 and, therefore, denies same.

2.      Thermage is without sufficient knowledge or information to form a belief as to

truth of the allegations of paragraph 2 and, therefore, denies same.

3.      Admitted.

4.      Thermage admits that the complaint purports to state a claim for declaratory

judgment of non-infringement and invalidity of U.S. Patent Nos. 6,749,624; 6,405,090;

6,387,380; 6,381,498; 6,377,855; 6,241,753; 5,919,219; 5,755,753; and 5,660,836; and that

copies of those patents were attached to the complaint.  Thermage denies that Alma's claims

have any merit.

5.      Admitted.

6.      Admitted.

          

7.    Thermage admits that it sent a letter to Alma on February 14, 2007, regarding pre-market release clinical data for Alma's "Accent" product.  Thermage further admits that the letter stated that the Accent may infringe U.S. Patent No. 6, 749,624.  Thermage denies the remaining allegations of paragraph 7.

8.    The April 10, 2006, letter to Alma did not reference or assert specific patents. Rather, the April 10, 2006, letter forwarded an executed Confidentiality Agreement that provided that settlement discussions, which occurred from March 21, 2006, would be subject to Rule 408 of the Federal Rules of Evidence, would be kept in confidence and, would not be used by either party for any purpose in any legal proceeding.  The May 18, 2006, letter was covered by and specifically referenced this Agreement.  Alma's reference to the April 10, 2006, and the May 18, 2006, letters in this action breaches this Agreement.

9.    Thermage is without sufficient knowledge or information to form a belief as to truth of the allegations of paragraph 9 and, therefore, denies same.

10.    Thermage is without sufficient knowledge or information to form a belief as to truth of the allegations of paragraph 10 and, therefore, denies same.

11.    Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

12.    Admitted.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

17.    Admitted.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

22.    Admitted.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

27.    Admitted.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

32.    Admitted.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

37.    Admitted.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

42.    Admitted.

43.    Upon information and belief, admitted.

44.    Denied.

45.    Denied.

46.    Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

47.    Admitted.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Thermage incorporates by reference its responses to paragraphs 1-10 as if fully set forth herein.

52.    Admitted.

53.    Denied.

54.    Denied.

55.     Denied.

**PRAYER FOR RELIEF**

WHEREFORE, defendant Thermage prays that the Court:

A.     enter judgment in favor of Thermage and dismisses Alma's Complaint for

Declaratory Judgment;

B.     award Thermage ~~is~~its attorney fees and costs for having to defend Alma's

Complaint for Declaratory Judgment; and

C.     award any other relief that it deems just and proper.

**DEFENDANT THERMAGE, INC,'S AMENDED COUNTERCLAIMS
AGAINST ~~PLAINTIFF~~PLAINTIFFS ALMA LASERS, LTD. AND ALMA LASERS, INC.**

Thermage counterclaims against Alma Lasers, Ltd. and Alma Lasers, Inc. as follows:

**NATURE OF THE ACTION**

1.     This is an action for patent infringement and arises under the patent laws of the

United States, Title 35.

**THE PARTIES**

2.     Thermage is a corporation organized and existing under the laws of the State of

Delaware, having its principal place of business in Hayward, California.

3.     On information and belief, Alma Lasers, Ltd. is a corporation organized and

existing under the laws of the country of Israel and having its principal place of business at 14

Halamish, Caesarea Industrial Park, Caesarea, Israel 38900.

4.     On information and belief, Alma Lasers, Inc. is a corporation organized and

existing under the laws of the State of Delaware and having its principal place of business at 485

Half Day Road, Suite 100, Buffalo Grove, Illinois.

## JURISDICTION AND VENUE

5.     The Court has subject matter jurisdiction over these patent infringement

counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The Court has personal jurisdiction

over Alma Lasers, Ltd. and Alma Lasers, Inc. (collectively "Alma") by virtue of Alma's filing its

complaint with this Court and by virtue of Alma's substantial and continuous contacts with this

judicial district, including its advertising and sale and/or distribution in this judicial district of the

infringing products which are the subject of these patent infringement counterclaims.

6.     Venue in this Court is based upon 28 U.S.C. §§ 1391 and 1400(b).

## CAUSES OF ACTION FOR PATENT INGRINGEMENT

7.     Thermage is the owner of United States Patent No. 6,749,624 ("the '624 patent"),

which was duly and legally issued on June 15, 2004, and is entitled "Fluid Delivery Apparatus."

A copy of the '624 patent is attached as Exhibit A.

8.     Thermage is the owner of United States Patent No. 6,405,090 ("the '090 patent"),

which was duly and legally issued on June 11, 2002, and is entitled "Method and Apparatus for

Tightening Skin by Controlled Contraction of Collagen Tissue."  A copy of the '090 patent is

attached as Exhibit B.

9.     Thermage is the owner of United States Patent No. 6,387,380 ("the '380 patent"),

which was duly and legally issued on May 14, 2002, and is entitled "Apparatus for Controlled

Contraction of Collagen Tissue."  A copy of the '380 patent is attached as Exhibit C.

10.     Thermage is the owner of United States Patent No. 6,381,498 ("the '498 patent"),

which was duly and legally issued on April 30, 2002, and is entitled "Method and Apparatus for

Controlled Contraction of Collagen Tissue."  A copy of the '498 patent is attached as Exhibit D.

11.     Thermage is the owner of United States Patent No. 6,377,855 ("the '855 patent"), which was duly and legally issued on April 23, 2002, and is entitled "Method and Apparatus for Controlled Contraction of Collagen Tissue."  A copy of the '855 patent is attached as Exhibit E.

12.     Thermage is the owner of United States Patent No. 6,241,753 ("the '1753 patent"), which was duly and legally issued on June 5, 2001, and is entitled "Method for Scar Collagen Formation and Contraction."  A copy of the '1753 patent is attached as Exhibit F.

13.     Thermage is the owner of United States Patent No. 5,755,753 ("the '5753 patent"), which was duly and legally issued on May 26, 1998, and is entitled "Method for Controlled Contraction of Collagen Tissue."  A copy of the '5753 patent is attached as Exhibit G.

14.     Thermage is the owner of United States Patent No. 5,660,836 ("the '836 patent"), which was duly and legally issued on August 26, 1997, and is entitled "Method and Apparatus for Controlled Contraction of Collagen Tissue."  A copy of the '836 patent is attached as Exhibit H.

15.     Thermage is the owner of United States Patent No. 7,229,436 ("the '436 patent"), which was duly and legally issued on June 12, 2007, and is entitled "Method and Kit for Treatment of Tissue."  A copy of the '436 patent is attached as Exhibit I.

16.     Thermage is the owner of United States Patent No. 7,189,230 ("the '230 patent"), which was duly and legally issued on March 13, 2007, and is entitled "Method for Treated Skin and Underlying Tissue."  A copy of the '230 patent is attached as Exhibit J.

17.     Thermage is the owner of United States Patent No. 7,267,675 ("the '675 patent"), which was duly and legally issued on September 11, 2007, and is entitled "RF Device with Thermo-Electric Cooler."  A copy of the '675 patent is attached as Exhibit K.

18.    Upon information and belief, Alma has manufactured and/or had manufactured for it, sold, offered for sale, used, and/or imported skin and tissue treatment product marketed under the name Harmony.  Upon information and belief, Alma provides a user's manual with each Harmony product instructing the customer how to perform various procedures on patients.

19.    Upon information and belief, Alma has manufactured and/or had manufactured for it, sold, offered for sale, used, and/or imported skin and tissue treatment product marketed under the name Accent XL.  Upon information and belief, Alma provides a user's manual with each Accent XL product instructing the customer how to perform various procedures on patients.

**COUNT I**
**INFRINGEMENT OF THE '624 PATENT**

20.    Thermage incorporates by reference paragraphs 1-1819 as if set forth fully herein.

21.    The Harmony product infringes the '624 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

22.    Alma's manufacture, sale, offer for sale, use, and/or importation of the Harmony product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Harmony product.

23.    The Accent XL product infringes the '624 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

24.    Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

25.     Upon information and belief, Alma's infringing acts have been and continue to be willful.

## COUNT II
## INFRINGEMENT OF THE '090 PATENT

26.     Thermage incorporates by reference paragraphs 1-~~18~~19 as if set forth fully herein.

27.     The Harmony product infringes the '090 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

28.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Harmony product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Harmony product.

29.     The Accent XL product infringes the '090 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

30.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

31.     Upon information and belief, Alma's infringing acts have been and continue to be willful.

## COUNT III
## INFRINGEMENT OF THE '380 PATENT

32.     Thermage incorporates by reference paragraphs 1-~~18~~19 as if set forth fully herein.

33.     The Accent XL product infringes the '380 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

34.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

35.     Upon information and belief, Alma's infringing acts have been and continue to be willful.

**COUNT IV**
**INFRINGEMENT OF THE '498 PATENT**

36.     Thermage incorporates by reference paragraphs 1-~~18~~19  as if set forth fully herein.

37.     The Harmony product infringes the '498 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

38.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Harmony product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Harmony product.

39.     The Accent XL product infringes the '498 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

40.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

41.     Upon information and belief, Alma's infringing acts have been and continue to be willful.

### COUNT V
### INFRINGEMENT OF THE '855 PATENT

42.     Thermage incorporates by reference paragraphs 1-~~18~~19 as if set forth fully herein.

43.     The Harmony product infringes the '855 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

44.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Harmony product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Harmony product.

45.     The Accent XL product infringes the '855 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

46.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

47.     Upon information and belief, Alma's infringing acts have been and continue to be willful.

## COUNT VI
## <u>INFRINGEMENT OF THE '1753 PATENT</u>

48.     Thermage incorporates by reference paragraphs 1-~~18~~19 as if set forth fully

herein.

49.     The Harmony product infringes the '1753 patent by virtue of Alma's

manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing

acts unless enjoined by this Court.

50.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Harmony

product has resulted in damage to Thermage and such damage will continue so long as Alma

manufactures, sells, offers for sale, uses, and/or imports the Harmony product.

51.     The Accent XL product infringes the '1753 patent by virtue of Alma's

manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing

acts unless enjoined by this Court.

52.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL

product has resulted in damage to Thermage and such damage will continue so long as Alma

manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

53.     Upon information and belief, Alma's infringing acts have been and continue to be

willful.

## COUNT VII
## <u>INFRINGEMENT OF THE '5753 PATENT</u>

54.     Thermage incorporates by reference paragraphs 1-~~18~~19 as if set forth fully

herein.

55.     The Harmony product infringes the '5753 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

56.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Harmony product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Harmony product.

57.     The Accent XL product infringes the '5753 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

58.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

59.     Upon information and belief, Alma's infringing acts have been and continue to be willful.

## COUNT VIII
## INFRINGEMENT OF THE '836 PATENT

60.     Thermage incorporates by reference paragraphs 1-~~18~~19 as if set forth fully herein.

61.     The Accent XL product infringes the '836 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

62.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

63.     Upon information and belief, Alma's infringing acts have been and continue to be willful.

## COUNT IX
## INFRINGEMENT OF THE '436 PATENT

64.     Thermage incorporates by reference paragraphs 1-1819 as if set forth fully herein.

65.     The Accent XL product infringes the '436 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

66.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

67.     Upon information and belief, Alma's infringing acts have been and continue to be willful.

## COUNT X
## INFRINGEMENT OF THE '230 PATENT

68.     Thermage incorporates by reference paragraphs 1-1819 as if set forth fully herein.

69.     The Accent XL product infringes the '230 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

70.     Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

71.    Upon information and belief, Alma's infringing acts have been and continue to be willful.

**COUNT XI**
**INFRINGEMENT OF THE '675 PATENT**

72.    Thermage incorporates by reference paragraphs 1-19  as if set forth fully herein.

73.    The Accent XL product infringes claims 1 and 2 of the '675 patent by virtue of Alma's manufacture, sale, offer for sale, use, or importation of it.  Alma will continue such infringing acts unless enjoined by this Court.

74.    Alma's manufacture, sale, offer for sale, use, and/or importation of the Accent XL product has resulted in damage to Thermage and such damage will continue so long as Alma manufactures, sells, offers for sale, uses, and/or imports the Accent XL product.

75.    Upon information and belief, Alma's infringing acts have been and continue to be willful.

PRAYER FOR RELIEF

WHEREFORE, defendant Thermage ~~pray~~prays for relief against plaintiff Alma as follows:

A.    That judgment be entered that Alma has been and is infringing U.S. Patent Nos. 6,749,624; 6,405,090; 6,387,380; 6,381,498; 6,377,855; 6,241,753; 5,755,753; 5,660,836; 7,229,436; ~~and~~ 7,189,230; and 7,267,675 and that the infringement be found willful;

B.    That Alma, its agents, sales representatives, servants and employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with it, be enjoined and restrained preliminarily during the pendency of this action, and thereafter permanently, from further acts of infringement of U.S.

Patent Nos. 6,749,624; 6,405,090; 6,387,380; 6,381,498; 6,377,855; 6,241,753; 5,755,753;

5,660,836; 7,229,436; ~~and~~ 7,189,230; and 7,267,675;

     C.      That a judgment be entered that Alma be required to pay over to Thermage all

damages sustained by ~~them~~Thermage due to such patent infringement and that such damages be

trebled pursuant to 35 U.S.C. § 284 for the willful acts of infringement complained of herein;

     D.      That this case be adjudged and decreed exceptional under 35 U.S.C. § 285

entitling Thermage to an award of its reasonable attorney fees and that such reasonable attorney

fees be awarded;

     E.      That Thermage be awarded its costs and prejudgment interest on all damages;

     F.      That Alma be required to file with the Court within thirty (30) days after entry of

the final judgment of this case a written statement under oath setting forth in detail the manner in

which they have complied with the judgment; and

     G.      That Thermage be awarded such other and further relief as the Court deems just

and proper.

### JURY DEMAND

     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ~~plaintiff~~ Thermage demands

a trial by jury.

                                              **YOUNG CONAWAY STARGATT & TAYLOR LLP**

~~June 20~~

December_____, 2007

                                     _____
                                     Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
                                     Karen L. Pascale (# 2903) [kpascale@ycst.com]
                                     Adam W. Poff (No. 3990) [apoff@ycst.com]
                                       The Brandywine Building
                                       1000 West St., 17th Floor
                                       P.O. Box 391

Wilmington, Delaware 19899-0391

Telephone:  302-571-6600

- and -

**WOOD, HERRON & EVANS LLP**

J. Robert Chambers

P. Andrew Blatt

John P. Davis

2700 Carew Tower

441 Vine Street

Cincinnati, Ohio 45202-2917

Telephone: (513) 241-2324

Facsimile: (513) 241-6234

*Attorneys for Defendant, Thermage, Inc.*