IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALMA LASERS, LTD., and ALMA LASERS, INC., | | |
| Plaintiffs, | | |
| v. | | C.A. No. 07-224-***-MPT |
| THERMAGE, INC. | | |
| Defendant. | | |

## NOTICE OF DEPOSITION UNDER RULE 30(b)(6) TO ALMA LASERS, LTD., AND ALMA LASERS, INC.

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Thermage, Inc. ("Thermage"), through its counsel, will take the deposition of Alma Lasers, Ltd., and Alma Lasers, Inc. ("Alma") at the offices of Young Conaway Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19899-0391 beginning at 9:00 a.m. on February 18, 2008, or at such other place, date, and time as is mutually agreed upon. The deposition will continue from day to day until completed. Some or all of the deposition testimony may be recorded by stenographic, audio, audiovisual, video, and/or real-time computer means.

Pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, Alma is obligated to designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf concerning the matters set forth in the following topics. Alma is requested to set forth, for each person designated, the matters on which the person will testify.

## DEFINITIONS OF TERMS

A.      The term "the '624 patent" refers to United States Patent No. 6,749,624 entitled "Fluid Delivery Apparatus" issued June 15, 2004.

B.      The term "the '090 patent" refers to United States Patent No. 6,405,090 entitled "Method and Apparatus for Tightening Skin by Controlled Contraction of Collagen Tissue" issued June 11, 2002.

C.      The term "the '380 patent" refers to United States Patent No. 6,387,380 entitled "Apparatus for Controlled Contraction of Collagen Tissue" issued May 14, 2002.

D.      The term "the '498 patent" refers to United States Patent No. 6,381,498 entitled "Method and Apparatus for Controlled Contraction of Collagen Tissue" issued April 30, 2002.

E.      The term "the '855 patent" refers to United States Patent No. 6,377,855 entitled "Method and Apparatus for Controlled Contraction of Collagen Tissue" issued April 23, 2002.

F.      The term "the '1,753 patent" refers to United States Patent No. 6,241,753 entitled "Method for Scar Collagen Formation and Contraction" issued June 5, 2001.

G.      The term "the '5,753 patent" refers to United States Patent No. 5,755,753 entitled "Method for Controlled Contraction of Collagen Tissue" issued May 26, 1998.

H.      The term "the '836 patent" refers to United States Patent No. 5,660,836 entitled "Method and Apparatus for Controlled Contraction of Collagen Tissue" issued August 26, 1997.

I.      The term "the '436 patent" refers to United States Patent No. 7,229,436 entitled "Method and Kit for Treatment of Tissue" issued June 12, 2007.

J.      The term "the '230 patent" refers to United States Patent No. 7,189,230 entitled "Method for Treated Skin and Underlying Tissue" issued March 13, 2007.

K.     The term "the '675 patent" refers to United States Patent No. 7,267,675 entitled "RF Device With Thermo-Electric Cooler" issued September 11, 2007.

## SUBJECTS OF DEPOSITION

The matters on which examination is requested are as follows:

1.     The organization, reporting structure and history of Alma since 1995.

2.     The factual and legal bases for Alma's allegation of non-infringement of the '836 patent by Accent XL.

3.     The factual and legal bases for Alma's allegation of non-infringement of the '5,753 patent by Accent XL.

4.     The factual and legal bases for Alma's allegation of non-infringement of the '1,753 patent by Accent XL.

5.     The factual and legal bases for Alma's allegation of non-infringement of the '855 patent by Accent XL.

6.     The factual and legal bases for Alma's allegation of non-infringement of the '498 patent by Accent XL.

7.     The factual and legal bases for Alma's allegation of non-infringement of the '380 patent by Accent XL.

8.     The factual and legal bases for Alma's allegation of non-infringement of the '090 patent by Accent XL.

9.      The factual and legal bases for Alma's allegation of non-infringement of the '624 patent by Accent XL.

10.    The factual and legal bases for Alma's allegation of non-infringement of the '230 patent by Accent XL.

11.    The factual and legal bases for Alma's allegation of non-infringement of the '436 patent by Accent XL.

12.    The factual and legal bases for Alma's allegation of non-infringement of the '675 patent by Accent XL.

13.    The factual and legal bases for Alma's allegation of non-infringement of the '836 patent by Accent.

14.    The factual and legal bases for Alma's allegation of non-infringement of the '5,753 patent by Accent.

15.    The factual and legal bases for Alma's allegation of non-infringement of the '1,753 patent by Accent.

16.    The factual and legal bases for Alma's allegation of non-infringement of the '855 patent by Accent.

17.    The factual and legal bases for Alma's allegation of non-infringement of the '498 patent by Accent.

18.    The factual and legal bases for Alma's allegation of non-infringement of the '380 patent by Accent.

19.    The factual and legal bases for Alma's allegation of non-infringement of the '090 patent by Accent.

20.    The factual and legal bases for Alma's allegation of non-infringement of the '624 patent by Accent.

21.     The factual and legal bases for Alma's allegation of non-infringement of the '230 patent by Accent.

22.     The factual and legal bases for Alma's allegation of non-infringement of the '436 patent by Accent.

23.     The factual and legal bases for Alma's allegation of non-infringement of the '675 patent by Accent.

24.     The factual and legal bases for Alma's allegation of non-infringement of the '5,753 patent by Harmony.

25.     The factual and legal bases for Alma's allegation of non-infringement of the '1,753 patent by Harmony.

26.     The factual and legal bases for Alma's allegation of non-infringement of the '855 patent by Harmony.

27.     The factual and legal bases for Alma's allegation of non-infringement of the '498 patent by Harmony.

28.     The factual and legal bases for Alma's allegation of non-infringement of the '090 patent by Harmony.

29.     The factual and legal bases for Alma's allegation of non-infringement of the '624 patent by Harmony.

30.     All facts related to Alma's contention that each of the claims of the '836 patent is invalid because the patents fail to comply with the requirements of the patent law of the United States as set forth, *inter alia*, in §§ 35 U.S.C. 101, 102, 103, or 112.

31.    All facts related to Alma's contention that each of the claims of the '5,753 patent is invalid because the patents fail to comply with the requirements of the patent law of the United States as set forth, *inter alia*, in §§ 35 U.S.C. 101, 102, 103, or 112.

32.    All facts related to Alma's contention that each of the claims of the '1,753 patent is invalid because the patents fail to comply with the requirements of the patent law of the United States as set forth, *inter alia*, in §§ 35 U.S.C. 101, 102, 103, or 112.

33.    All facts related to Alma's contention that each of the claims of the '855 patent is invalid because the patents fail to comply with the requirements of the patent law of the United States as set forth, *inter alia*, in §§ 35 U.S.C. 101, 102, 103, or 112.

34.    All facts related to Alma's contention that each of the claims of the '498 patent is invalid because the patents fail to comply with the requirements of the patent law of the United States as set forth, *inter alia*, in §§ 35 U.S.C. 101, 102, 103, or 112.

35.    All facts related to Alma's contention that each of the claims of the '380 patent is invalid because the patents fail to comply with the requirements of the patent law of the United States as set forth, *inter alia*, in §§ 35 U.S.C. 101, 102, 103, or 112.

36.    All facts related to Alma's contention that each of the claims of the '090 patent is invalid because the patents fail to comply with the requirements of the patent law of the United States as set forth, *inter alia*, in §§ 35 U.S.C. 101, 102, 103, or 112.

37.    All facts related to Alma's contention that each of the claims of the '624 patent is invalid because the patents fail to comply with the requirements of the patent law of the United States as set forth, *inter alia*, in §§ 35 U.S.C. 101, 102, 103, or 112.

38. All facts related to Alma's contention that each of the claims of the '230 patent is invalid because the patents fail to comply with the requirements of the patent law of the United States as set forth, *inter alia*, in §§ 35 U.S.C. 101, 102, 103, or 112.

39. All facts related to Alma's contention that each of the claims of the '436 patent is invalid because the patents fail to comply with the requirements of the patent law of the United States as set forth, *inter alia*, in §§ 35 U.S.C. 101, 102, 103, or 112.

40. All facts related to Alma's contention that each of the claims of the '675 patent is invalid because the patents fail to comply with the requirements of the patent law of the United States as set forth, *inter alia*, in §§ 35 U.S.C. 101, 102, 103, or 112.

41. The conception, reduction to practice, development, design, structure, prototypes, testing, manufacture, operation, performance, electrical and mechanical controls for, and use of Alma products known as Accent, Accent XL, Harmony, Aria, RelaxF, Lovely I, Lovely II, and Tenor, whether or not commercially offered for sale.

42. The advertising, marketing, promotion, strategic plans, and business plans of the Accent, Accent XL and Harmony;

43. The analysis, inspection, examination, evaluation, testing, or knowledge of Thermage's ThermaCool System by or for Alma.

44. Comparisons by or for Alma between ThermaCool System and the Accent, Accent XL, or Harmony.

45. Communications between Alma and any third parties referring to or relating to Accent, Accent XL, or Harmony.

46. The reasons why Alma chose to use RF energy in the Accent and Accent XL to treat wrinkles and tighten and re-contour skin.

47.     The reasons why Alma chose to use both unipolar and bipolar delivery of RF energy to

the patient.

48.     Any research, testing, or studies that Alma has conducted or had conducted on its behalf

that support Alma's claims that the Accent, Accent XL, or Harmony can be used to treat

wrinkles and tighten and re-contour skin.


**YOUNG CONAWAY STARGATT & TAYLOR LLP**

/s/ Karen L. Pascale

January 16, 2008

_____
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Adam W. Poff (No. 3990) [apoff@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600

- and -

**WOOD, HERRON & EVANS LLP**
J. Robert Chambers
P. Andrew Blatt
John P. Davis
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202-2917
Telephone: (513) 241-2324
Facsimile: (513) 241-6234

*Attorneys for Defendant, Thermage, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Karen L. Pascale, Esquire, hereby certify that on January 16, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

| | |
|---|---|
| Hugh A. Abrams | habrams@sidley.com |
| Steven J. Balick | sbalick@ashby-geddes.com, dfioravanti@ashby-geddes.com, jday@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, tlydon@ashby-geddes.com |
| Paul Andrew Blatt | dblatt@whepatent.com |
| Joel Robert Chambers | bchambers@whepatent.com |
| John Paul Davis | jdavis@whepatent.com |
| John G. Day | jday@ashby-geddes.com, dfioravanti@ashby-geddes.com, dharker@ashby-geddes.com, lmaguire@ashby-geddes.com, mkipp@ashby-geddes.com, nlopez@ashby-geddes.com, rgamory@ashby-geddes.com, sbalick@ashby-geddes.com, tlydon@ashby-geddes.com |
| Marlee A. Jansen | mjansen@sidley.com |
| Constantine Koutsoubas | dkoutsoubas@sidley.com |
| Lauren E. Maguire | lmaguire@ashby-geddes.com |
| Karen L. Pascale | kpascale@ycst.com, corpcal@ycst.com, corporate@ycst.com |
| Thomas D. Rein | trein@sidley.com |

I further certify that on January 16, 2008, I caused a copy of the foregoing document to be served on the following counsel of record in the manner indicated:

***By E-Mail***

Steven J. Balick, Esquire [sbalick@ashby-geddes.com]
John G. Day, Esquire [jday@ashby-geddes.com]
Lauren E. Maguire [lmaguire@ashby-geddes.com]
ASHBY & GEDDES
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Hugh A. Abrams, Esquire [habrams@sidley.com]
Marlee A. Jansen, Esquire [mjansen@sidley.com]
Dino Koutsoubas, Esquire [dkoutsoubas@sidley.com]
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen L. Pascale
_____

Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600

*Attorneys for Defendant, Thermage, Inc.*