IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALMA LASERS, LTD., and<br>ALMA LASERS, INC.,<br><br>        Plaintiffs,<br><br>        v.<br><br>THERMAGE, INC.<br><br>        Defendant. | C.A. No. 07-224-GMS |

**JOINT PROPOSED ADDENDUM TO STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiffs Alma Lasers, Ltd., and Alma Lasers, Inc., (collectively "Alma") and Defendant Thermage, Inc. ("Thermage") entered into a Stipulated Protective Order on October 2, 2007 (D.I. 30); and

WHEREAS, the parties recognize that it would be beneficial to designate certain financial documents as "Highly Confidential Information" in addition to designating certain documents "Confidential Information" in order to expedite the production of some of the parties' highly sensitive financial documents without burdensome redactions;

IT IS HEREBY STIPULATED AND AGREED, subject to the approval and order of the Court, that the following shall govern the treatment of Highly Confidential Information produced by a party to this action or by a third-party ("Producing Party" or "Designating Party") to any other party ("Receiving Party") in the course of this civil action:

1.    The term "Highly Confidential Information" shall include personal, financial, and sales information of the Producing Party. Highly Confidential Information shall be marked by conspicuously affixing a legend, which includes the words "OUTSIDE ATTORNEYS' EYES

ONLY – HIGHLY CONFIDENTIAL" on each page containing Highly Confidential Information at the time such documents are produced. Such designation shall be made at the time when the document or thing, or copy thereof, is provided to the Receiving Party.

2.   The Producing Party may also designate deposition transcripts, interrogatory responses, responses to requests for admission and other documents, or any portions thereof, as Highly Confidential Information by affixing thereon the legend "HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY."

3.   Highly Confidential Information shall not be disclosed to the designated in-house counsel referenced in paragraph 4(a)(vi) of the Stipulated Protective Order. The designated in-house counsel, however, is explicitly allowed to review in its entirety any expert report on damages from the Producing Party, except for any exhibits that constitute Highly Confidential Information.

4.   If a Receiving Party wishes to have the Producing Party re-designate any particular document from "Highly Confidential Information" to "Confidential Information," including any exhibits to an expert report or papers filed to the Court, the Receiving Party shall notify the Producing Party by identifying the documents by production number. The Producing Party will then provide redacted versions of the documents and re-designate the documents as "CONFIDENTIAL."

5.   Except as otherwise provided herein, the parties shall treat Highly Confidential Information as if it were Confidential Information under the Stipulated Protective Order

6.   All terms and conditions of the Stipulated Protective Order not specifically addressed in this Addendum shall continue in full force and effect.

| | |
|---|---|
| ASHBY & GEDDES | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| */s/ Steven J. Balick* | */s/ Karen E. Keller* |
| Steven J. Balick (#2114) | Josy W. Ingersoll (#1088) |
| John G. Day (#2403) | Karen L. Pascale (#2903) |
| Lauren E. Maguire (#4261) | Karen E. Keller (#4489) |
| 500 Delaware Avenue, 8th Floor | The Brandywine Building |
| P.O. Box 1150 | 1000 West Street, 17th Floor |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| (302) 654-1888 | (302) 571-6600 |
| sbalick@ashby-geddes.com | kkeller@ycst.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

SO ORDERED this _____ day of _____, 2008.

_____
United States District Court Judge

477495_1